Rockingham,
June 23, 1932.

JOSEPH F. HOWE *v.* BASIL P. PHOFOLOS.

*Peter J. King, William H. Sleeper* and *John W. Perkins,* for the plaintiff.

*Sewall & Waldron,* for the defendant.

ALLEN, J. The plaintiff was driving his automobile truck easterly on a highway in Northwood. He made a left hand turn, crossing the highway to enter the driveway of his home on the north side of the highway. The defendant driving his car in the same easterly direction and coming behind the plaintiff, ran into the truck on its entrance into the driveway.

The plaintiff's truck was equipped with a mirror as required by statute (P. L., *c.* 103, *s.* 8). When at a point about 300 feet before making the turn, he looked into the mirror and saw no car coming behind him. The observation covered a straight stretch of the highway for about a quarter of a mile. Upon making the observation he put his hand out of the cab window on the left side and held it there until he started to make the turn.

The claim is made that because he did not keep watch for traffic in his rear through a continued or further use of the mirror after the observation he made, he failed to meet the test of care the statute called for. The statute provides that a mirror shall be so placed as "to afford the operator a clear, reflected view of the highway in the rear of the

vehicle." Granting that it calls for use of the mirror whenever there is occasion for the driver to inform himself if traffic is approaching from behind, it does not prescribe the extent of such use. The result follows that the statutory demand is only of reasonable care in the use. " . . . the law does not adopt particular circumstances as the measure of due care." *Smith* v. *Railroad, ante,* 463 and cases cited.

The observation taken showed no car near at hand. The signal of the outstretched hand might be found to induce reasonable belief that if a car did approach, its driver would see and respect the signal. Safety in making a turn when the observation was made seemed assured, and the maintenance of the signal might reasonably seem to maintain such safety for the turn which was made.

Even if the plaintiff had again looked into the mirror and then seen the defendant's car, it would not necessarily have been negligent for him to make the turn. If the defendant's car had then been far enough back to justify the belief that its driver, having in view the plaintiff's signal for turning, would hold his course on the right hand side of the road, it would have been prudent for the plaintiff to make the turn. That the plaintiff should look into the mirror just before turning in order to make sure that his signal was being heeded by the driver of a possible oncoming car, was not a duty definitely imposed by the statute or established as a rule of law making it a special test of due care. As in general, the duty depends upon the circumstances. The possibility that a car may be close behind is not enough to demand action in view of it. There must be a chance so serious that ordinary prudence would guard against it, and this is determined in the usual manner as an issue of fact. In making a left hand turn a driver, incidentally to the operation of his car, has to give attention to traffic ahead of him and to his own course of travel as well as to traffic coming from behind. In the situation here disclosed improper attention in any of these respects is not a compelled conclusion.

The validity of the verdict may also be upheld under the last chance rule. The defendant, traveling at a speed of thirty-five miles an hour, was watching the road closely. Doing this, he may be found to have seen the plaintiff's signal in spite of his testimony to the contrary (*Stocker* v. *Railroad,* 83 N. H. 401, 403), and in season so as to make it a duty of care to hold his course and avoid the undertaking to pass the plaintiff's truck on its left side. The road was wide enough and time was long enough thus to permit a safe passing.

*Judgment on the verdict.*

All concurred.